IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2177-FL

| TRACY LYNN BRITT, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH WHITENER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE # 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Keith Whitener ("respondent"), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On October 8, 2009, in the Cumberland County Superior Court, petitioner pleaded guilty to first-degree burglary, larceny after breaking or entering, and larceny of a motor vehicle. Resp't's Mem. Exs. 1 and 2. Petitioner then was sentenced, pursuant to the terms of his plea agreement, to a consolidated term of sixty-one (61) to eighty-three (83) months imprisonment. Id. Ex. 2. Petitioner did not file a direct appeal.

Petitioner dated a *pro se* motion for appropriate relief ("MAR") August 19, 2010, and filed it in the Cumberland County Superior Court on August 23, 2010. Id. Ex. 4. Petitioner's MAR was

1

denied on November 1, 2010. Id. Ex. 5. Petitioner next dated a *pro se* petition for a writ of certiorari on November 16, 2010, and filed it in the North Carolina Court of Appeals on December 6, 2010. Id. Ex. 6. Certiorari was denied on December 28, 2010. Id. Ex. 8.

On August 12, 2011,[1] respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following claims: (1) his plea was not knowing and voluntary; (2) his attorney "got excited and happy when [he] said [he] would take the plea"; and (3) his attorney told him he "would be found guilty under circumstantial evidence if [he] did not take the plea." Petitioner also alleges that he is innocent of the crimes for which he was convicted. Respondent subsequently filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations and therefore is time-barred. The matter was fully briefed.

## DISCUSSION

A.     Motion for Summary Judgment

    1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

---

[1] Petitioner's § 2254 petition was filed on September 12, 2011, but it is dated August 12, 2011. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his § 2254 petition as August 12, 2011. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

Case 5:11-hc-02177-FL   Document 14   Filed 08/06/12   Page 2 of 7

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

Here, the statutory period began to run in this case on the date petitioner's judgment became final. In particular, petitioner pleaded guilty and judgment was entered on October 8, 2009. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of

3

App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on October 22, 2009. As a result, petitioner's one-year statutory period began to run on October 22, 2009, and ran for three hundred and one (301) days until petitioner filed his MAR on August 19, 2010. Petitioner's one year period of limitations then was tolled until the court of appeals denied his certiorari petition on December 28, 2010. The period of limitation then resumed and ran until it expired sixty-four (64) days later on March 2, 2011. Thus, petitioner's August 12, 2011, § 2254 petition was filed after the expiration of the one year statute of limitations period.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Although the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner first contends that he "tried to beat" the statute of limitations, but that his mail ran too slowly. Generally, a delay in the delivery of mail is not sufficient to justify equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). Moreover, in this case, petitioner does

not provide any details with regard to the alleged mail delays or explain the three hundred and one (301) day delay in filing his MAR. Thus, the court rejects this equitable tolling argument.

Petitioner also asserts he is entitled to equitable tolling because he did not have legal experience and because he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS"). These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for NCPLS). Thus, the court rejects these equitable tolling arguments.

Finally, petitioner alleges: "I sent 2 letters to get what I needed from the clerk of court. They still didn't send the order denying my M.A.R." Pet. ¶ 18. However, petitioner's claim that he had difficulty obtaining legal documents does not toll the statute of limitations period. See Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (finding that motions for transcripts and the state's failure to provide transcripts do not qualify for equitable tolling); Johnson v. Hunt, No. 1:08CV20-03-MU, 2008 WL 624431, *3 (W.D.N.C. Mar. 4, 2008), appeal dismissed, 305 F. App'x 973 (4th Cir. Jan. 8, 2009). Based upon the foregoing, petitioner is not entitled to equitable tolling.

B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

5

applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 10) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

7

Case 5:11-hc-02177-FL   Document 14   Filed 08/06/12   Page 7 of 7